**WO**

MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Dominguez-Osorio, | No. CV 18-01306-PHX-DGC (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Respondents. | |

**I.  Procedural History**

On April 18, 2018, Petitioner Rudy Dominguez-Osorio, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se "Petition to Seek Assistance of Court Re. Extraordina[r]y Circumstances" ("Petition") in the United States District Court for the Northern District of California. In an April 23, 2018 Order, United States Magistrate Judge Jacqueline Scott Corley noted that Petitioner was asserting a claim of innocence and seeking assistance from the Court to vacate his conviction and release him from custody in the State of Arizona. Because Petitioner was convicted and is confined in the District of Arizona, Magistrate Judge Corley ordered the action transferred here. The action was transferred to this Court on April 30, 2018, and was assigned to the undersigned.

In a May 3, 2018 Order, the Court gave Petitioner 30 days to either pay the filing fee or file an Application to Proceed In Forma Pauperis, dismissed the Petition because

1 Petitioner had not filed on a court-approved form, and gave Petitioner 30 days to file an
2 amended petition pursuant to 28 U.S.C. § 2254 on a court-approved form.

3 On June 4, 2018, Petitioner filed a Motion to Excuse and Accept Untimely Filings
4 Due to No Fault of Petitioner, a Motion for Federal Writ of Habeas Corpus Amended
5 Petition Expansion of Time, an Application to Proceed In Forma Pauperis, and a Motion
6 to Consolidate Duplicitous Cases and/or Strike Secondarily Filed Case as Moot. On June
7 26, 2018, Petitioner filed a second Motion for Federal Writ of Habeas Corpus Amended
8 Petition Expansion of Time and a Motion Requesting Rulings and Orders.

9 In a July 11, 2018 Order, the Court denied as moot Petitioner's Motion to Excuse
10 and Accept Untimely Filings and Motion Requesting Rulings and Orders, granted the
11 first Motion seeking an expansion of time and the Application to Proceed In Forma
12 Pauperis, and denied the Motion to Consolidate Duplicitous Cases and the second Motion
13 seeking an expansion of time. The Court gave Petitioner 30 days to file an amended
14 § 2254 petition.

15 On August 10, 2018, Petitioner filed an Amended § 2254 Petition (Doc. 18). In an
16 August 16, 2018 Order, the Court noted that Petitioner had not signed his Amended
17 § 2254 Petition and gave him 30 days to submit a completed and signed certificate,
18 certifying that Petitioner's signature on the Certificate would serve as an original
19 signature on his Amended § 2254 Petition.

20 On August 17, 2018, Petitioner filed a Motion to Stay Federal Proceedings
21 Pending Exhaustion of State Court Remedies (Doc. 20). On September 21, 2018,
22 Petitioner filed the required signature Certificate and a Motion to Unstay Federal
23 Proceedings Due to Exhaustion of State Court Remedies (Doc. 23).

**I.  Amended § 2254 Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2009-007602, of four counts of aggravated assault and one count each of second-degree murder, assisting a criminal street gang, and misconduct involving weapons. He was sentenced to a combination of consecutive and concurrent terms of imprisonment totaling

142 years in prison. In his Amended § 2254 Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises six grounds for relief. In Grounds One through Three, he claims he received ineffective assistance of his trial counsel (Ground Two), his appellate counsel (Ground Three), and his post-conviction counsel (Ground One). In Ground Four, he asserts that his conviction and sentence violate his Fifth, Sixth, Eighth and Fourteenth Amendment rights "due to attorney error of constitutional dimensions of the claims stated above at Grounds One, Two, Three." In Ground Five, Petitioner asserts that his enhanced sentence for misconduct involving weapons and the imposition of consecutive sentences for the aggravated assault and misconduct convictions, "are not in conformity with Arizona sentencing statutes," are illegal and disproportionate, and are unconstitutional. In Ground Six, he claims his Sixth and Fourteenth Amendment rights have been violated because he is actually innocent of all of the offenses, except the misconduct involving weapons conviction, and he was not an active participant in the crimes.

The Court will require Respondents to answer the Amended § 2254 Petition. 28 U.S.C. § 2254(a).

**II.     Motion to Stay and Motion to Unstay**

In his Motion to Stay, Petitioner seeks to stay this case pending the exhaustion of his claims in state court. In his Motion to Unstay, Petitioner asserts that he has now exhausted his claims and requests that the Court "render as moot" the Motion to Stay or "unstay" the Amended § 2254 Petition. Because the Court has not stayed this case, the Court will grant Petitioner's request that the Court "render as moot" the Motion to Stay.

**III.    Warnings**

**A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4. Petitioner may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's Motion to Unstay (Doc. 23) is **granted**.

(2) Petitioner's Motion to Stay (Doc. 20) is **denied as moot**.

(3) The Clerk of Court must serve a copy of the Amended § 2254 Petition (Doc. 18) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office. Pursuant

to the Memorandum of Understanding, copies of the Amended § 2254 Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Amended § 2254 Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(4) Respondents must answer the Amended § 2254 Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(5) Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(6) Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

**TERMPSREF**

(7) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 28th day of September, 2018.

_____
David G. Campbell
Senior United States District Judge